JUERGENS, Appellant, vs. HAUSER and another, Respondents.

*September 8—October 6, 1953.*

For the appellant there was a brief and oral argument by *Carl H. Juergens* of Milwaukee.

For the respondents there was a brief by *Gold & McCann* of Milwaukee, and oral argument by *Ray T. McCann*.

FRITZ, C. J.    Action commenced by the plaintiff Carl A. Juergens, against the defendants, Otto Robert Hauser and his automobile liability insurer, Ohio Casualty Insurance Company, to recover damages for personal injury which plaintiff alleged he sustained by reason of the negligence of Otto Robert Hauser in operating his automobile while driving from Milwaukee to Madison on a concrete highway. Defendant's automobile was equipped with modern four-wheel brakes which were 100 per cent efficient, and low-beam headlights illuminated the highway 500 feet ahead; and there was nothing to interfere with defendant's duty to watch the road ahead.  Plaintiff testified that defendant's automobile was in good shape, the condition of the brakes was excellent, that he was sitting in the middle of the front seat of the automobile, and that he did not pay any attention to the lookout for any obstacle while the defendant was driving the automobile on a curve in the road.  Plaintiff's attention was attracted when defendant applied the brakes, and at that moment plaintiff saw a horse about in the center of the road going southward across the center of the highway.  The automobile collided with the horse when it was in about the center of the south half of the highway.  Plaintiff claims and Hauser testified that he saw the horse as soon as it appeared on the highway while he was driving westward, and that the horse proceeded to the center of the road.  Plaintiff testified he did not know what happened after that; he was unconscious.  Upon an adverse examination the plaintiff stated, "I must have answered that I believe I saw the horse as soon as it came within range of the headlights; when the horse got within range of the headlights it was farther away than 75 or 100 feet; when I saw the horse, it probably was at about the middle of the south half on the concrete pavement."

Plaintiff also testified, "I am not sure what driving lights were on when I first saw the horse; I believe it was the high-beam lights, the country driving lights. They illuminated the highway from 750 to 1,000 feet. The car was in good shape and the condition of the brakes was excellent. He [defendant] applied the brakes momentarily, and took his foot off. Then he put his foot on the gas pedal and accelerated it. I didn't pay any attention to the lookout for any obstacle while the defendant was driving the automobile into this curve. My attention was attracted when Hauser applied the brakes, and at that moment I saw the horse right about in the center of the road going southward across the center of the highway." The defendant admits that he hit the horse broadside in the middle of the eastbound lane on the concrete pavement.

In a special verdict the jury found:

"Question I: At and just prior to the collision in question, did the defendant, Otto Robert Hauser, fail to exercise ordinary care not to increase the danger assumed by the plaintiff, Carl A. Juergens, with respect to:
  "(a)  Speed of the automobile?
         "Answer: No;
  "(b)  Lookout?
         "Answer: No;
  "(c)  Control of the automobile?
         "Answer: No;
  "(d)  Operating the automobile on the left, or the south, half of the highway?
         "Answer: No."

As the evidence warranted the jury's findings in answer to those questions, the jury was not required to answer the other subsequent questions submitted in the form for the verdict. Consequently, the plaintiff is not entitled to recover any damages in this action.

*By the Court.*—Judgment affirmed.